UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00084-JAW-1 |
| | ) | |
| QUINTON SPINKS | ) | |

**AMENDED[1] ORDER DENYING MOTION FOR TEMPORARY RELEASE**

On June 14, 2018, a federal grand jury indicted Quinton Spinks for engaging in a drug trafficking conspiracy involving the distribution of heroin and cocaine base. *Indictment* (ECF No. 2). Mr. Spinks was arrested in the Western District of New York and appeared before a magistrate judge on July 16, 2018. *See Rule 5(c)(3) Docs.* at 1 (ECF No. 60). The Government moved for Mr. Spinks' detention and on July 20, 2018, he waived his right to a Rule 5(c)(3) hearing and was committed to the District of Maine. *Id.* On August 6, 2018, the Government moved for Mr. Spinks' pretrial detention. *Mot. for Detention* (ECF No. 68). The Magistrate Judge held an initial appearance, attorney appointment hearing, and arraignment on August 14, 2018. *Min. Entry* (ECF No. 86). Mr. Spinks waived his right to a detention hearing and the Magistrate Judge ordered him detained. *Id.*

The Clerk's Office scheduled the case for trial on November 29, 2018 for the January 2019 term, on January 29, 2019 for the March term, on February 28, 2019 for the April term, on April 19, 2019 for the May term, on May 6, 2019 for the June

---

[1] This Amended Order corrects a typographical error contained in the original order. On page five of the order, the Court mistakenly referred to the Pretrial Services Report, as the "Presentence Report". The Court amends the order to correctly reference the Pretrial Services Report.

term, and on May 16, 2019 for the August term. Mr. Spinks has repeatedly moved to continue these scheduled trials. Upon Mr. Spinks' request, the Court scheduled a Rule 11 hearing for his guilty plea for March 25, 2019, April 19, 2019, May 1, 2019, and May 20, 2019. For various reasons, mostly at Mr. Spinks' request, the Court continued the Rule 11 hearings. For example, on April 16, 2019, the Clerk's Office scheduled Mr. Spinks' Rule 11 at his request for May 1, 2019, but on May 1, 2019, the day of the scheduled hearing, Mr. Spinks moved to continue the Rule 11 hearing because he needed to review more documents. *Def.'s Mot. to Continue Change of Plea Hr'g and Speedy Trial Waiver* (ECF No. 166).

On May 6, 2019, the Clerk's Office reset the Rule 11 hearing at Mr. Spinks' request for May 20, 2019. *Notice of Hr'g* (ECF No. 173). On May 19, 2019, Mr. Spinks filed a motion for release asking to be released from incarceration to attend his grandfather's funeral in Rochester, New York. *Def.'s Mot. for Release to USMS Custody for Transport to and From Grandfather's Funeral at Def.'s Expense* (ECF No. 178) (*Def.'s Mot.*). At the scheduled Rule 11 hearing, despite the fact the Court had scheduled the Rule 11 hearing at his request four times, Mr. Spinks again stated that he was not prepared to proceed with his guilty plea. Although his lawyer had represented to the Court that the reason for the request for a continuance was related to Mr. Spinks' grandfather's death, this turned out to be inaccurate. The reason, as finally revealed, was that Attorney Tzovarras had a jury verdict in Aroostook County late on Friday, May 17, 2019 and was unable to meet with Mr. Spinks as planned on

Saturday, May 18, 2019 to prepare him for the Rule 11 scheduled for Monday, May 20, 2019.

Mr. Spinks' motion states that his grandfather died "[o]n the week of May 13, 2019," that he had a close relationship with his grandfather, that the wake and funeral were scheduled for May 23, 2019 at 10:00 a.m. in Rochester, New York, and that he wished to attend the wake and funeral. *Def.'s Mot.* at 1-2. Mr. Spinks represented that "through the help of his family," he could "arrange for the expensive (sic) of the USMS to transport him to and from the services, and remain with him during the service." *Id.* During the hearing, Mr. Spinks' counsel clarified that he was asking to be allowed to attend a private viewing only, not the funeral.

The Court discussed Mr. Spinks' request with counsel at the aborted Rule 11 hearing on May 20, 2019. The Court indicated that it would be reluctant, over the Marshal Service's objection, to order the Marshal Service to transport Mr. Spinks over multiple state lines to attend a funeral approximately five hundred miles away, especially on such short notice. However, the Court ordered the Government to file a memorandum, setting forth its position. The Government did so on May 20, 2019. *Gov't's Resp. to the Def.'s Mot. for Transport Order* (ECF No. 180) (*Gov't's Opp'n*). Mr. Spinks replied on May 21, 2019. *Reply to Gov't's Resp. to Mot. for Transport Order* (ECF No. 181).

18 U.S.C. § 3142(i) controls the resolution of this motion:

The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer

> determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Mr. Spinks has not claimed that the release to attend his grandfather's funeral is necessary for the preparation of his defense; therefore, the relevant question is whether it is for "another compelling reason."

In an analogous case, *United States v. Kenney*, 07-cv-66-B-W, 2009 U.S. Dist. LEXIS 121233, at *5-7 (D. Me. Dec. 30, 2009), applying the "exceptional reasons" provision of 18 U.S.C. § 3145(c), the Court wrote that "[f]rom the Court's perspective, the death of a family member, even a close family member, does not necessarily cross the threshold from common to exceptional. The death of close family members, though infrequent, is after all inevitable." *Id.* at *7. The only time this Court has ordered the release of a defendant is in the *Kenney* case, where (1) the defendant proposed release for a handful of hours, (2) she did not propose remaining out of prison overnight, (3) the wake and funeral were to take place within a relatively short distance from the prison, (4) it would not be necessary for her to cross or be near a state or national line, (5) her crimes (to which she had pleaded guilty) did not militate against release, and (6) her criminal history did not contain any convictions for crimes of violence or escape. *Id.* at *8.

Assuming similar standards apply under the "compelling reason" language of § 3142(i) and the "exceptional reasons" language of § 3142(i), Mr. Spinks' request for release does not meet the narrow circumstances in *Kinney*. Rochester, New York is about nine hours of travel time away from the Somerset County Jail in Skowhegan, Maine. To travel to Rochester from central Maine, a person would have to travel

4

through at least three states: New Hampshire, Massachusetts, and New York. Mr. Spinks would have to be held somewhere overnight. Unlike Ms. Kenney, Mr. Spinks has not demonstrated that his criminal history is benign. According to the Pretrial Services Report, Mr. Spinks has been convicted of robbery, resisting arrest, petit larceny, criminal possession of a controlled substance, aggravated unlicensed operation of a motor vehicle (three convictions), and criminal possession of a weapon – a loaded firearm other than in the person's home. *Pretrial Servs. Report* at 2-5 (ECF No. 91).

Furthermore, in *Kenney*, finding no authority to compel the Marshal's Service to transport the defendant, the Court rejected her request for an order compelling the Marshal's Service to do so. *Kenney*, 2009 U.S. Dist. LEXIS 121233, at *8. Mr. Spinks' proposal is for the Court to order the Marshal Service to provide transportation, something the Court concluded it would not (and could not) do in *Kenney*. *See Def.'s Mot.* at 1 ("Mr. Spinks is only asking for release to the custody of the USMS for transport to and from the funeral for a private viewing").

Following *Kenney*, the Court has rejected all similar requests. *United States v. Swan*, No. 1:12-cr-00027-JAW, 2017 U.S. Dist. LEXIS 62260 (D. Me. Apr. 25, 2017); *United States v. Goss*, No. 1:14-cr-00141-JAW (D. Me. Oct. 9, 2015); *United States v. French*, No. 12-cr-00160-JAW, 2015 U.S. Dist. LEXIS 67523 (D. Me. May 19, 2015); *United States v. Boulier*, No. 1:13-cr-00001-JAW, 2014 U.S. Dist. LEXIS 143826 (D. Me. Oct. 9, 2014).

Finally, the Government represented that Mr. Spinks' release would contravene several Marshal Service policies regarding the transportation of prisoners, including (1) the need to perform a security check with local law enforcement, (2) an advance investigation of the proposed destination, and (3) the payment of costs of United States Marshal Service personnel before transportation. *Gov't's Opp'n.* at 2.

In short, Mr. Spinks has failed to meet his burden to demonstrate that he falls within the "compelling reason" standard for release under 18 U.S.C. § 3142(i).

The Court DENIES Defendant's Motion for Release to USMS Custody for Transport to and From Grandfather's Funeral at Defendant's Expense (ECF No. 178).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2019